IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HARRY JAMES CONNER,

    Plaintiff,

vs.                                                                       No.: 2:15-cv-2833-SHL-cgc

METROPOLITAN LIFE INSURANCE COMPANY,
et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the December 30, 2015 *pro se* Complaint filed by Plaintiff Harry James Conner, a resident of Memphis, Tennessee, captioned "Bivens Complaint for Violation and Conspiracy to Violate Civil Rights / RICO Violations", accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on February 17, 2016, the District Court granted leave to proceed *in forma pauperis*. (D.E. # 4)

The allegations in the 477 paragraph complaint arise from the complaint Plaintiff filed in Conner v The United States Postal Service, et al, 11-cv-02476-JTF-cgc on June 13, 2011. Plaintiff filed the 2011 complaint as beneficiary of his mother, Mary Conner Nelson's ("Nelson")[2],

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

[2] In certain portions of the record, including in some of her personnel files, Nelson is referred to by the name " Mary

1

life insurance policy ("Policy") alleging that various violations of law resulted in the incorrect payment of her Federal Group Life Insurance ("FEGLI") proceeds. (11-2476[3], D.E. # 4) The gravamen of Plaintiff's instant complaint is that the District Court's refusal to rule in his favor in the underlying case and award him $806,000.00 plus interest (11-2476, D.E. #4, ¶ 22) is the result of a conspiracy involving an unnamed executive at MetLife colluding with U.S. Congressman Steve Cohen to obtain a favorable result in a lawsuit with Plaintiff in exchange for "campaign donations and political gain." (D.E. # 1-1, ¶ 190). Plaintiff avers that Congressman Cohen would then "exert his political influence over U.S. District Court Judge Fowlkes and U.S. Attorney Edward Stanton III, in exchange for the quid pro quo campaign donations to Congressman Cohen and return of political favor that he would in return ensure a favorable judgment in respect to plaintiff's claims in the U.S. District Court." (D.E. # 1-1, ¶ 191, 243-245). Plaintiff's complaint is replete with allegations of forged documents (D.E. # 1-1, ¶ ¶ 194-198, 200-207, 209-223) and perjured testimony (D.E. # 1-1, ¶ ¶ 227-238) in furtherance of the conspiracy to defraud him.

Plaintiff alleges the following claims:

1. Violation of Due Process – deprivation of property and property interest without due process pursuant to the 5th Amendment to the U.S. Constitution (D.E. # 1-2, ¶ 274)

2. Office of Personnel Management (OPM) Supervisor Liability – (D.E. # 1-2, ¶¶ 285-287)

---

Wallace Conner," "Mary W. Conner," and other similar variations. With the exception of quoted portions of the record, the Court will refer to decedent as Nelson.
[3] Plaintiff appealed the grant on motions to dismiss to MetLife, OWCP and USPS and summary judgment to OPM to the Sixth Circuit (14-5399). On February 26, 2015, the Sixth Circuit affirmed the District Court's decision in all respects. (11-2476, D.E. #166)

3. Conspiracy to violate civil rights pursuant to 42 U.S.C.§ 1983 and / or Bivens v Six Unknown Federal Agents by U.S. Attorney Stanton and Asst. U.S. Attys Vanasek and Simmons-Jones – Stanton, Vanasek and Simmons-Jones "deliberately engaged together with [ … ] OPM officials in furtherance of the conspiracy to deprive the plaintiff of his constitutional rights to property and property interest by perpetrating a fraud upon the court…" (D.E. # 1-2, ¶¶ 293 - 323)

4. Conspiracy to violate civil rights pursuant to 42 U.S.C.§ 1983 and / or Bivens v Six Unknown Federal Agents by U.S. District Judge John Fowlkes[4] - (D.E. # 1-2, ¶¶ 324-345)

5. Conspiracy to violate civil rights pursuant to 42 U.S.C.§ 1983 and / or Bivens v Six Unknown Federal Agents by U.S. Congressman Steve Cohen – (D.E. # 1-1, ¶¶ 346-356)

6. RICO by the attorneys for MetLife – (D.E. # 1-2, ¶¶ 357-374)

7. RICO by MetLife and "John Doe" – (D.E. # 1-2, ¶¶ 375-463)

Plaintiff seeks an award of five million dollars in compensatory damages, fifty million dollars in punitive damages, pre and post judgment interest and declaratory judgment that the judgment in <u>Harry Connor v The United States Postal Service et al</u>, 2:11-cv-02476-JTF-cgc is "unenforceable and non-recognizable on the grounds that the judgment was procured by fraud and procured in violation of the plaintiff's Constitutional rights to due process of law."

---

[4] Plaintiff erroneously refers to Judge Fowlkes as "Judge Thomas Fowlkes, Jr."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

Initially, it is recommended that Plaintiff's complaint is frivolous in that claims are alleged against U.S. District Judge Fowlkes are clearly baseless as Judge Fowlkes is judicially immune from suit. Plaintiff's argument against Judge Fowlkes is similar to the plaintiff in Vargas v. Trauger, et al, 2013 WL 3243094, (M.D. Tenn. June 25, 2013). In Vargas, the *pro se* plaintiff filed suit against a U.S. Magistrate Judge, a U.S. District Court Judge and four U.S. Circuit Court Judges that had ruled against her in her district court case and on appeal to the Sixth Circuit Court of Appeals. Id at *1. Ms. Vargas alleged in the 2013 case that "the district court's docket was falsified" and that she was denied due process by the judges because they ruled in favor of the defendant in the underlying case. Id at *2. "It is well settled that state and federal judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. Judicial immunity is necessary because 'principled and fearless decision-making will be compromised if a judge 'fear[s] that unsatisfied litigants may hound him with litigation

charging malice or corruption.'" Id. at *2 (internal citations omitted)  All of the actions alleged to be taken by Judge Fowlkes stem from judicial decisions made while he was lawfully presiding over a case properly before him.  It is therefore recommended that the claims against Judge Fowlkes be dismissed as frivolous pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i).

It is recommended that Plaintiff's remaining claims be dismissed as frivolous pursuant to 28 U.S.C.§ (e)(2)(B)(i) as it lacks an arguable basis in fact.  The U.S. Supreme Court has made it clear that plaintiffs are not entitled to go forward with a complaint that contains "fanciful factual allegation(s)" or "fantastic or delusional scenarios."  Neitzke at 325, 328.  It is left to the sound discretion of the district court to determine frivolousness.  Denton v Hernandez, 504 U.S. 25, 33 (1992).  Plaintiff's claims in the instant case are fanciful in the same vein as those of the plaintiff in Walton v Walker, 2009 WL 1470409 (S.D. Ill. May 27, 2009).  As in this case, the Walton plaintiff believed that he was the target of a wide ranging conspiracy with plaintiff challenging his disappointing results in the legal system as being the fault of "police officers' and prosecutors' desire to retaliate against Plaintiff for his even earlier litigation against the IDOC."  Walton at *4.

The court is faced daily with individuals that are disappointed with the results of their cases.  The appropriate remedy is to file an appeal with the Sixth Circuit Court of Appeals and, if the answer there is not satisfying, then to the U.S. Supreme Court.  In his 2011 case, Plaintiff raised claims that he suffered deprivation of property in violation of the Fifth Amendment[5], that there was an "intentional and knowing unlawful conspiratorial scheme to violate this Plaintiff (sic) constitutional rights as a FEGLI beneficiary to due process,"[6] constitutional violations under

---

[5] 11-02476, D.E. # 141, PageID 3081-2
[6] 11-02476, D.E. # 141, PageID 3086

§1983 and §1985,[7] and alleged that forged documents were presented to the court.[8] Eight months after the Sixth Circuit affirmed the District Court's decision in the 2011 case, Plaintiff filed the instant complaint, echoing the same claims that were rejected by the District and Circuit Courts embellished with the fanciful conspiracy theory involving a sitting U.S. Congressman, unnamed MetLife executives, the current U.S. Attorney for the Western District of Tennessee and a sitting U.S. District Court Judge. Like the unhappy litigants in Vargas and Walton, Plaintiff has elected to redirect his disappointment. It is recommended that Plaintiff's complaint is eighty-five pages of "fantastic or delusional scenarios" held together with conclusory statements and recitation of statutes and regulations which taken together should be dismissed as frivolous.

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action in its entirety as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be

---

[7] 11-02476, D.E. # 141, PageID 3110-17
[8] 11-02476, D.E. # 160, PageID 3325

inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 12th day of April, 2016.

                                               s/ Charmiane G. Claxton
                                               CHARMIANE G. CLAXTON
                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**