# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HARRY JAMES CONNER, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | No. 15-cv-2833-SHL-cgc |

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS

Before the Court is the Magistrate Judge's Report and Recommendation for *sua sponte* Dismissal ("R&R") of *pro se* Plaintiff Harry James Conner's Complaint. (Report and Rec., ECF No. 8.) Plaintiff filed a timely Objection to the Report and Recommendation. (ECF No. 9.) For the following reasons, the Court **ADOPTS IN PART** the Report and Recommendation and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

## BACKGROUND

On December 30, 2015, Plaintiff filed a *pro se* Complaint making several claims against a host of public officials, judges and unnamed insurance executives relating to an alleged conspiracy in connection with a previous case he filed in the Western District of Tennessee in 2011. In the former case, Plaintiff alleged that he had been denied the proper amount of Federal Group Life Insurance ("FEGLI") benefits he was due as the beneficiary of his mother's life insurance policy. Conner v. U.S. Postal Serv., 2:11-cv-2476-JTF-cgc, 2014 WL 1350966, at *1 (W.D. Tenn. Apr. 4, 2014) ("hereafter Conner I"). The district court dismissed some of Plaintiff's claims for failure to state a claim and others because the undisputed material facts

showed that Plaintiff was not entitled to relief. (Conner I, Order Dismissing Case, ECF No. 162.) The Sixth Circuit affirmed the dismissal. (Conner I, Order of USCA, ECF No. 166.)

Here, Plaintiff alleges that the disposition of Conner I was the result of a conspiracy between Metropolitan Life Insurance ("MetLife"), United States Congressman Stephen Cohen, United States Attorney for the Western District of Tennessee Edward Stanton (and other assistant United States attorneys), members of the United States Office of Personnel Management, United States District Court Judge John T. Fowlkes and Magistrate Judge Charmiane Claxton (the judge and magistrate who presided over Conner I). (Complaint 1, ECF No. 1.) According to Plaintiff, MetLife entered into a financial arrangement with Congressman Cohen, who in turn directed United States Attorney Stanton and Judge Fowlkes to submit forged documents and enter unfavorable rulings against Plaintiff, respectively, such that MetLife could continue its "fraudulent scheme" with the United States Office of Personnel Management's Retirement Operations Center and underpay FEGLI beneficiaries. (Id.) Plaintiff seeks five million dollars in compensatory damages, fifty million dollars in punitive damages, an injunction against a number of the defendants and a declaratory judgment voiding the disposition of Conner I.

On April 12, 2016, the Magistrate Judge conducted a preliminary review of Plaintiff's 187-page Complaint pursuant to 28 U.S.C. § 1915(e)(2), and submitted a Report and Recommendation recommending that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted. (R&R 5-6, ECF No. 8.) As to the claims against Judge Fowlkes, the Magistrate Judge recommended dismissal because Judge Fowlkes enjoys judicial immunity from suit related to any action taken in a judicial capacity. (Id. at 5.) As to Plaintiff's remaining claims, the Magistrate Judge recommended dismissal because they all "lack[] an

arguable basis in fact" and are "fanciful." (Id. at 6) (citing Walton v. Walker, 2009 WL 1470409 (S.D. Ill. May 27, 2009)). Moreover, the Magistrate Judge found that Plaintiff had voiced similar allegations of conspiracy and forged documents in Conner I, which were dismissed by the district court and affirmed by the Sixth Circuit. (R&R 6-7, ECF No. 8.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). The court only considers objections that are specific and explain the source of the Magistrate's error. Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Plaintiff makes three objections to the Report and Recommendation that the Court reviews *de novo*: 1) that the Magistrate Judge did not have jurisdiction to issue the Report and Recommendation; 2) that Judge Fowlkes is not protected by judicial immunity for the claims as pled; and 3) that issue preclusion does not bar Plaintiff's claims, which have an arguable basis in fact.

**ANALYSIS**

Upon review of Plaintiff's Complaint, the Court finds that Plaintiff's claims are frivolous for two reasons: first, the pivotal underlying facts have already been actually litigated in Conner I; and, second, the claims are premised on a fantastical narrative that has no arguable basis in

3

fact. As discussed below, two of Plaintiff's objections to the Report and Recommendation are without merit, and the third objection does not alter the outcome.

   1. **First Objection**

First, Plaintiff objects to the Magistrate Judge's jurisdiction to issue a report and recommendation, arguing that no Federal District Judge referred or designated any matters in the above-styled lawsuit to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)(C). (Objection 1, ECF No. 9.) However, as noted in the Report and Recommendation, Plaintiff's case was referred to the Magistrate Judge pursuant to the standing Western District of Tennessee Administrative Order 2013-05 (available at https://www.tnwd.uscourts.gov/pdf/adminorders/13-05.pdf), which refers all non-prisoner *pro se* cases to magistrate judges. Accordingly, this objection is without merit.

   2. **Second Objection**

Second, Plaintiff objects to the Magistrate Judge's finding that his claims against Judge Fowlkes should be dismissed based on Judge Fowlkes' judicial immunity. (Objection 5, ECF No. 9.) Because he alleges that Judge Fowlkes entered the conspiracy prior to taking judicial office, Plaintiff contends that Judge Fowlkes should not enjoy judicial immunity in this case. The Court agrees with Plaintiff's conclusion, but not for the same reason as Plaintiff submits, as discussed below.

"Judicial immunity is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities." Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007). "[A]bsolute judicial immunity is overcome only in two situations. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for

4

actions, though judicial in nature, taken in the complete absence of all jurisdiction." DePiero v. City of Macedonia, 180 F.3d 770, 784 (6th Cir. 1999); see also Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2001) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or *corruptly*." (quoting Bradley v. Fisher, 80 U.S (13 Wall.) 335, 351, 20 L.Ed. 646 (1872) (emphasis added))).

Plaintiff argues that Judge Fowlkes does not enjoy judicial immunity here because he allegedly entered into an agreement with Congressman Cohen prior to taking judicial office. (Id.) Although Plaintiff generally cites to Judge Fowlkes' judicial actions as the primary basis for his claims against Judge Fowlkes (such as entering an allegedly illegal stay order and permitting the Government to file an allegedly forged administrative record on the docket), Plaintiff also pleads that Judge Fowlkes entered into a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") by agreeing to assist Congressman Cohen. (Complaint Paragraph 329, ECF No. 1-2.) Because a conspiracy to commit RICO, as opposed to any other generic conspiracy, may be committed by mere agreement, Ocasio v. United States, 136 S. Ct. 1423, 1429 (2016), Plaintiff has pled facts related to the conspiracy to commit RICO claim that do not implicate Judge Fowlkes' judicial immunity, as discussed below.

Conspiracies to violate RICO do not require an overt act. Salinas v. United States, 522 U.S. 52, 63 (1997) ("There is no requirement of some overt act or specific act in the statute before us, unlike the general conspiracy provision applicable to federal crimes."). "Although conspirators must 'pursue the same criminal objective,' 'a conspirator [need] not agree to commit or facilitate each and every part of the substantive offense.' Salinas, 522 U.S. at 63. A [conspirator] *must merely reach an agreement* with the 'specific intent that the underlying crime

5

be committed' by some member of the conspiracy." Ocasio v. United States, 136 S. Ct. 1423, 1429 (2016) (emphasis added). "A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense." Salinas, 522 U.S. at 64.

Judicial immunity protects Judge Fowlkes from suit based on the judicial actions he engaged in on his own, as outlined in the Complaint; however, because Plaintiff alleges that Judge Fowlkes agreed to provide support to other conspirators to commit a predicate act in violation of RICO, his judicial immunity does not protect him from suit here. Nonetheless, this finding does not affect the disposition of Plaintiff's claims because they are otherwise barred by issue preclusion and are frivolous, as discussed below.

### 3. Third Objection

Third, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his entire Complaint for failure to state a claim, arguing that issue preclusion should not bar his legitimate allegations. As an initial matter, when determining whether a plaintiff has stated a claim under a Fed. R. Civ. P. 12(b)(6) standard, the court must generally accept all of the factual allegations in the complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, however, the Magistrate Judge determined that Plaintiff's factual allegations are "fanciful," and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (R&R 6, ECF No. 8.)

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals

have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325 (footnote omitted). Here, Plaintiff's most pivotal factual allegations are precluded by issue preclusion, leaving his remaining allegations lacking an arguable basis in fact and frivolous.

Plaintiff has built this lawsuit on a house of cards already toppled by issue preclusion. "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). In Conner I, the district court and the Sixth Circuit Court of Appeals considered Plaintiff's allegations that the conspirators forged and altered various documents, and each court found that Plaintiff failed to provide any persuasive evidence supporting his allegation. (See ECF No. 166.) Because a finding that those documents were forged would have substantiated Plaintiff's claims in Conner I, such a factual determination was essential for purposes of issue preclusion. Accordingly, Plaintiff is barred from re-litigating whether the documents he has resubmitted in the current lawsuit were forged or fabricated.

Specifically, in Conner I, Plaintiff asserted that the USPS "by and through its employees and/or agents[,] fabricated a pay cease date of August 18, 1972, for the purposes of fraudulently denying FEGLI coverage the decedent was entitled to." (Conner I, ECF No. 141 at 32.) The Sixth Circuit, on review of that claim, found that "[t]he evidence of record establishe[d] that USPS did not transmit inaccurate information to OPM . . . [and] Conner failed to present any persuasive evidence establishing that: (1) [his mother]'s last date of pay was not in August 1972." (Conner I, ECF No. 166 at 10.) Here, Plaintiff similarly claims that those same documents were intentionally tampered with; however, here, Plaintiff points the finger at

7

Assistant United States Attorney Gary Vanasek as the document surgeon, instead of the USPS as he did in Conner I. (Complaint ¶¶ 298-300, ECF No. 1-2.) This pattern of re-pleading the same illicit actions from Conner I while simply altering the actors reappears throughout Plaintiff's Complaint. (Compare Complaint ¶ 316, ECF No. 1-2 (alleging that the US Attorney ordered Assistant US Attorney Vanasek to remove and alter files from his mother's OPM file) with Conner I, ECF No. 141 at 41 (alleging that all of the defendants illegally re-created Plaintiff's mother's retirement contribution record)).

Plaintiff argues that issue preclusion, res judicata and collateral estoppel should not apply here because the judgment in Conner I was procured via fraud and conspiracy and should be considered void. Although the Magistrate Judge noted that the proper recourse for a party who is unhappy with the outcome of a case is to directly appeal that case, rather than cast post-hoc allegations of conspiracy, Plaintiff avers that "he is not seeking review of the prior courts' decisions but rather is pointing to these decisions merely to show that violations of his rights have caused him injury." (Objection 6, ECF No. 9.) Yet the Sixth Circuit Court of Appeals did review Plaintiff's claims *de novo* in Conner I and independently affirmed the district court's judgment, and Plaintiff has not implicated that appellate court in the alleged conspiracy here. Thus, his position that the Sixth Circuit opinion should be voided has no basis in his current claims, even if one accepts all of his pleaded facts as true.

Without the existence of any forged documents because of the previous rulings, Plaintiff's Complaint is a fantastical narrative without an arguable basis in fact, similar to the plaintiff's complaint in Walton v. Walker, 2009 WL 1470409 (S.D. Ill. May 27, 2009), aff'd, 364 F. App'x 256 (7th Cir. 2010). In Walton, the court pierced the facts of a plaintiff's complaint and dismissed his claims under § 1915(e)(2)(B)(i) where the plaintiff alleged a broad conspiratorial

swath with murderous intent. Id. at *2. The conspirator membership allegedly swept through the governmental ranks of Chicago and into the correctional center where Plaintiff was incarcerated. The Walton Court "exercise[d] its 'unusual power to pierce the veil of the complaint's factual allegations" because "the instant amended complaint seem[ed] to be a paranoid stream of consciousness." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (second internal quotation omitted). The Walton Court noted that, despite the plaintiff's extensive allegations of mass conspiracy to inflict violence on him, he had not been assaulted or harmed once in the 23-month span that the conspiracy allegedly took place.

Here, Plaintiff's Complaint contains a similar shroud of paranoia and implausibility: in his 187-page Complaint, Plaintiff alleges a conspiracy that includes a federal magistrate judge, a federal district court judge, multiple assistant United States Attorneys, the United States Attorney for the Western District of Tennessee, numerous employees of the Office of Personnel Management, and unnamed executives at MetLife, relating to (at most, according to the complaint in Conner I) a $50,000 discrepancy in the benefits that Plaintiff was owed. (Conner I, ECF No. 141 at 28.) In Plaintiff's estimation, although Congressman Cohen originally assisted Plaintiff in his first complaint regarding the beneficiary distributions, "Mr. Cohen did a complete 180 degree turn" when a John Doe solicited the congressman to turn against Plaintiff. This John Doe – unnamed and unknown – set into motion a prodigious conspiracy involving federal officials in both Washington D.C. and Memphis, Tennessee, in the judiciary *and* executive branches, for the sole purpose of preventing Plaintiff from recovering at most $50,000. As in Walton, this Court finds Plaintiff's story to be sensational paranoia rather than a plausible pleading, particularly considering the fact that Plaintiff alleged essentially the same conspiracy in

9

Conner I as he does here (while merely expanding the cast of conspirators). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(i).

## CONCLUSION

Because Plaintiff's claims rest on factual determinations that are barred by issue preclusion and are premised on fanciful allegations with no arguable basis in fact, Plaintiff has failed to state a claim upon which relief may be granted. For those reasons, the Report and Recommendation is **ADOPTED IN PART**,[1] and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of July, 2016.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not adopt the recommendation that the claims against Judge Fowlkes be dismissed because of Judge Fowlkes' judicial immunity. However, the claims against Judge Fowlkes are nonetheless dismissed because the facts underlying Plaintiff's claims have already been litigated in Conner I and the remaining conclusory statements are fanciful.